UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JULIA RUSSELL, | * | |
| | * | |
| Plaintiff | * | |
| | * | CIVIL ACTION |
| v. | * | |
| | * | DOCKET NO.: 2:21-cv-00191-JAW |
| PHILLIP AUGUSTUS CHENEVERT, II, | * | |
| | * | |
| | * | |
| Defendant | * | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. This action concerns the repeated sexual abuse of Plaintiff Julia Russell when she a young child by Defendant Phillip Chenevert, a close family friend, in Biddeford Pool, Maine. Defendant took advantage of the Russell family's trust to prey on Plaintiff. His horrific conduct marred Plaintiff's childhood, and has—and will continue to—impact her emotional and psychological wellbeing.

2. Like many victims of childhood sexual abuse, Julia kept the abuse a secret for decades.

3. Russell has now decided to come forward and hold her abuser accountable.

4. Russell hopes that, by doing so, she will give other victims of childhood sexual abuse the fortitude to do so as well.

## PARTIES

5. Plaintiff Julia Russell is a resident of Portland, Cumberland County, Maine. She is 35 years old.

6. During the period in which Chenevert abused Julia, Julia was a child, living in her parents' home in Saco, Maine.

7. Defendant Phillip Augustus Chenevert II is a resident of Saint Augustine, Saint Johns County, Florida. Chenevert is 72 years old.

8. During the period in which Defendant sexually abused Plaintiff, Defendant lived in Biddeford Pool, Maine, and owned and operated Dr. Volvo, a used car dealer in Arundel, Maine.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because: (a) there is complete diversity of citizenship between Plaintiff and Defendant; and (b) the amount in controversy exceeds $75,000.

10. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391, because the actions complained about herein occurred in the State of Maine and Plaintiff resides in the State of Maine.

## FACTS

11. In or around 1992, Chenevert, who had grown up with Julia's father, moved from Massachusetts to Biddeford Pool, Maine.

12. At that time, Julia was approximately six years old.

13. Shortly after he moved to Biddeford Pool, Chenevert regularly came to the Russell home in Saco.

14. Chenevert began looking for ways to spend time alone with Julia. He took an interest in her video games so he could spend time alone with her at her home in Saco.

15. Similarly, he bought her an electric scooter, which he kept in Biddeford Pool and used as a pretense to take her to his home.

16. Because Chenevert was a close family friend of Julia's parents, they implicitly trusted him, and thought nothing of him and Julia spending time together alone.

17. Between 1992 and 1994, when Julia was between six and eight years old, Chenevert

repeatedly sexually abused her. The abuse took place, among other places, at Julia's home in Saco; at Chenevert's home in Biddeford Pool; in Chenevert's boat while it was moored at the Biddeford Yacht Club; and in his office at Dr. Volvo.

18. Chenevert's conduct included, among other things, "teaching" Julia how to French kiss; exposing himself to Julia and coaxing her to touch his exposed genitalia; and performing oral sex on Julia.

## COUNT I
## ASSAULT AND BATTERY

19. Plaintiff repeats and realleges each of the foregoing paragraphs as if set out fully herein.

20. Defendant intended to cause harmful and offensive contact with Plaintiff.

21. Defendant did, in fact, cause harmful and offensive contact with Plaintiff.

22. Defendant's harmful and offensive contact caused Plaintiff emotional and physical injuries.

23. Plaintiff's injuries and losses caused by Defendant's harmful and offensive contact include, but are not limited to, pain and suffering; emotional distress; loss of enjoyment of life; medical expenses; and permanent impairment.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24. Plaintiff repeats and realleges each of the foregoing paragraphs as if set out fully herein.

25. From approximately 1992 to 1994, Defendant Chenevert intentionally inflicted emotional distress on Julia by engaging in extreme and outrageous conduct.

25. Defendant's extreme and outrageous conduct included, but was not limited to,

exposing himself to Julia; performing sexual acts on Julia; and coercing Julia to cover up his illegal and abhorrent behavior.

26. As a direct and proximate cause of Defendant's intentional infliction of emotional distress, Plaintiff has suffered emotional injuries so severe that no reasonable person could be expected to endure them.

WHEREFORE, Plaintiff seeks judgment against Defendant for compensatory damages, punitive damages, interest, costs, attorney fees, and such other and further relief as this Court deems just and appropriate.

### Demand for Jury Trial

Plaintiff hereby requests that her claim be tried by a jury.

Date: July 9, 2021

*/s/* Taylor Asen, Esq.
Taylor Asen, Esq.
Maine Bar No.: 5832
Gideon Asen LLC
www.gideonasen.com
19 Yarmouth Drive, Suite 203
New Gloucester, ME  04020
Service@gideonasenlaw.com