UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JULIA RUSSELL,                    )
                                 )
           Plaintiff,            )
                                 )
    v.                           )        No. 2:21-cv-191-JAW
                                 )
PHILIP AUGUSTUS                  )
    CHENEVERT, II                )
                                 )
           Defendant.            )

**ORDER ON MOTION FOR LEAVE TO FILE AMENDED WITNESS LIST**

Concluding that the plaintiff has met the manifest injustice standard of Federal Rule of Civil Procedure 16(e), the Court grants a late plaintiff's motion to amend a witness list to include a Federal Rule of Evidence 415 witness at an upcoming trial, because plaintiff's counsel became aware of the witness only after the final pretrial conference and order in this case. To mitigate the potential prejudice of the late notice to the defendant, the Court will reopen discovery to allow the defendant to engage in focused and expedited discovery about the witness and his proposed testimony. The Court also grants the plaintiff's unobjected-to motion to add another witness.

## I.    BACKGROUND

With jury selection scheduled for January 3, 2023 and trial to commence January 23, 2023, Julia Russell moved on November 21, 2022 to amend her witness list to include two trial witness: Christiane Hennedy and Justin Nezol. *Mot. for Leave to Am. Pl.'s Witness List* (ECF No. 99) (*Pl.'s Mot.*). On November 29, 2022, Philip

Chenevert objected only to the listing of Justin Nezol. *Def.'s Opp'n to Pl.'s Mot. for Leave to Am. Witness List* (ECF No. 100).

Julia Russell filed a civil action against Philip Chenevert on July 9, 2021, alleging that Mr. Chenevert had sexually abused her when she was a child. *Compl.* (ECF No. 1). On December 7, 2021, Mr. Chenevert answered the Complaint, denying the allegations. *Answer* (ECF No. 18). The parties engaged in discovery and the discovery period closed on May 24, 2022. *Scheduling Order* (ECF No. 19); *Order* (ECF No. 21). The case was scheduled for trial in October 2022 and on October 3, 2022, a jury was selected. *Min. Entry* (ECF No. 73). However, as three jurors became unavailable for personal reasons between jury selection and trial and as the number of jurors had fallen below six, on October 16, 2022, the Court continued the trial pursuant to Federal Rule of Civil Procedure 48(a). *Notice* (ECF No. 89).

## II.   THE PARTIES' POSITIONS

### A.   Julia Russell's Motion

Ms. Russell's motion asks for leave to amend her witness list to include two witnesses: Justin Nezol and Christiane Hennedy. *Pl.'s Mot.* at 1. Regarding Mr. Nezol, Ms. Russell's counsel represents that Mr. Nezol contacted him on October 31, 2022 and told Attorney Taylor Asen that Mr. Chenevert had sexually abused him when he was a child. *Id.* at 2. Mr. Nezol said that the abuse occurred during his sixth, seventh, and eighth grades when Mr. Chenevert, who was friendly with Mr. Nezol's parents, babysat for Mr. Nezol at Mr. Chenevert's home in Kennebunk, Maine. *Id.* Mr. Nezol also said he remembers seeing Ms. Russell at Mr. Chenevert's

home at some time around that period. *Id.* Mr. Nezol came forward to Attorney Asen after reading about the trial in the news. *Id.*

Christiane Hennedy was not previously listed as a witness for the Plaintiff but was listed as a witness for the Defendant. *Compare Def.'s Witness List* at 3 (ECF No. 53), *with Pl.'s Witness List* at 1-2 (ECF No. 57). As Ms. Hennedy is going to be available as a witness in January and as Ms. Russell would like to call her as a witness, she has moved to add Christiane Hennedy as a witness on her witness list. *Pl.'s Mot.* at 2.

### B. Philip Chenevert's Response

Mr. Chenevert confirms that he has no objection to the Plaintiff listing and calling Christiane Hennedy as a trial witness. *Def.'s Opp'n* at 1. He does, however, object to adding Mr. Nezol as a Plaintiff's witness. *Id.* at 1-4. Noting that the standard for adding a late witness is "manifest injustice," Mr. Chenevert argues that Ms. Russell failed to address the manifest injustice standard and therefore, he contends that she has waived the argument that she meets this standard. *Id.* at 2. Second, Mr. Chenevert contends that Mr. Nezol's testimony is inadmissible because it is cumulative. *Id.* at 3. Third, Mr. Chenevert maintains that adding a late witness would unfairly prejudice him because he would be required to take Mr. Nezol's deposition and, depending on the results of the deposition, he might be required to engage in further discovery concerning Mr. Nezol's claims. *Id.* at 3-4. He observes that given counsel's trial schedule, this additional discovery may be difficult. *Id.* at 4.

III.   **DISCUSSION**

A.   **Christiane Hennedy**

The Court accepts Mr. Chenevert's concession regarding the late listing of Christiane Hennedy as a trial witness for Ms. Russell and to this extent grants her motion for leave to amend witness list.

B.   **Justin Nezol**

Rule 16 of the Federal Rules of Civil Procedure provides:

The Court may modify the order issued after a final pretrial conference only to prevent manifest injustice.

FED. R. CIV. P. 16(e).  The First Circuit has written that the "manifest injustice" standard is "a higher standard than is otherwise imposed."  *United States ex rel. Concilio De Salud Integral De Loíza, Inc. v. J.C. Remodeling, Inc.*, 962 F.3d 34, 41 (1st Cir. 2020) (quoting *Farr Man & Co. v. M/V Rozita*, 903 F.2d 871, 876 n.4 (1st Cir. 1990)).  The burden to demonstrate manifest injustice rests on the movant.  *Id.* A significant factor is whether the party seeking the modification "had knowledge of the reason for modification prior to the pretrial conference."  *Id.* at 40.  Another significant factor is whether the proposed modification prejudices the opposing party. *Id.*

Here, the Court readily concludes that Ms. Russell has satisfied the first factor. There is no suggestion that she was aware of Mr. Nezol or his claim at the time of the Final Pretrial Conference and Order and, in fact, she did not include him in the list of witnesses for the first scheduled trial.  The Court accepts Attorney Asen's representation that Mr. Nezol first contacted him on October 31, 2022, which was

4

after the Court continued the first trial and reset it for January 2023. In view of the fact that Mr. Nezol did not contact Attorney Asen until October 31, 2022, this situation is precisely what the "manifest injustice" exception is designed to address since it would be manifestly unjust to prevent Ms. Russell from calling a witness for her failure to list him as a witness, when she did not know he was a witness.

The issue of prejudice is more difficult. Here, Mr. Chenevert describes two types of potential prejudice: discovery issues and trial evidence. Mr. Chenevert highlights some discovery issues. First, Mr. Chenevert says that he will be required to take Mr. Nezol's deposition and that he may be required to engage in further discovery depending on the results of the deposition. *Def.'s Opp'n* at 3-4. Next, as a practical matter, he points out that defense counsel are scheduled to appear in another trial from January 5, 2023 to January 18, 2023, thereby limiting their availability for discovery in this case. *Id.* at 4. As for trial evidence, Mr. Chenevert maintains that, given Ms. Russell's intention to call two other victims under Federal Rule of Evidence 415, Mr. Nezol's testimony would be unfairly cumulative. *Id.* at 3-4.

Regarding the discovery issues, the Court is not convinced that defense counsel would be unable to conduct expedited discovery from now until January 23, 2023. Upon motion of Mr. Chenevert, the Court will reopen discovery to allow him to engage in focused discovery, including taking the deposition of Mr. Nezol. The Court anticipates and expects that Attorney Asen will cooperate with Attorneys Gene Libby and Tyler Smith in scheduling Mr. Nezol's deposition and in responding expeditiously

to any further discovery. The Court urges counsel to speak with each other and attempt to resolve any discovery issues, but should the parties require it, the Court is available to confer with counsel on the anticipated discovery order.

Regarding Mr. Nezol's anticipated trial testimony, the Court acknowledges that the potential testimony of a third victim who is not the Plaintiff complicates the balance between probative value and prejudicial impact. At the same time as the Court noted in its August 8, 2022 Order on Motion in Limine, the First Circuit addressed the prejudicial impact of the testimony of three other victims in *United States v. Joubert*, 778 F.3d 247 (1st Cir. 2015), and "wondered if the testimony of three witnesses was cumulative and acknowledged that the other acts evidence was 'very prejudicial.'" *Order on Mot. in Limine* at 12 (ECF No. 43) (quoting *Joubert*, 778 F.3d at 255). Even so, the First Circuit concluded that the testimony of the three other acts witnesses was not unfairly prejudicial. *Joubert*, 778 F.3d at 255.

At this point, because no discovery has taken place regarding Mr. Nezol's accusations, the record is too vague for the Court to rule on ultimate admissibility. It is enough that the Court concludes that Ms. Russell will be allowed to amend her witness list to include Mr. Nezol and that Mr. Chenevert will be allowed to engage in discovery concerning his allegations. The Court will address Mr. Chenevert's objections to the testimony of Mr. Nezol once the parties have presented further information about the nature of his evidence and any defense response.

## IV.    CONCLUSION

The Court GRANTS the Plaintiff's Motion for Leave to Amend Plaintiff's Witness List (ECF No. 99) to add Christiane Hennedy and Justin Nezol as witnesses for the Plaintiff.  If filed, the Court will likely grant a motion to reopen discovery from the Defendant assuming the requested discovery is reasonable.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 15th day of December, 2022.